UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04 12447 RCL

JEFFREY SMITH )
PLAINTIFF )
           )
vs.        )  MAGISTRATE JUDGE _____
           )
CHARLIE'S PLACE, INC. )
DEFENDANT )
           )

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. TDM
DATE 11/18/04

**COMPLAINT**

### I. PRELIMINARY STATEMENT

1. This is an action seeking a temporary and permanent injunction and declaratory relief to remedy unlawful discrimination by the Defendant against the Plaintiff in the Defendant's place of public accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"). The Plaintiff, Jeffery Smith, on his own behalf and on behalf of all those similarly situated, bring this cause of action against Charlie's Place, Inc. as a cause of action allege as follows:

### II. PARTIES

2. The Plaintiff Jeffery Smith is a resident of Massachusetts and is a qualified individual with disabilities within the meaning of all applicable statutes including the ADA and Massachusetts statutes.

3. The Plaintiff, Jeffrey Smith, has visited Charlie's Place, Inc., a place of public accommodation,

located at 3075 Cranberry Highway, Wareham, Massachusetts and was unable to access and enjoy its goods and services.

4. The Defendant, Charlie's Place, Inc. is a Massachusetts Corporation with its principal place of business in Wareham, Massachusetts.

5. The Defendant, Charlie's Place, Inc. is a private entity that owns and operates Charlie's Place, Inc., located at 3075 Cranberry Highway, Wareham, Massachusetts, a place of public accommodation as defined in 42 U.S.C. § 12181, and an entity that is subject to the requirements of Title III of the ADA.

6. This case arises out of the Defendant's failure to remove architectural and communication barriers to access and unlawful practice of denying access to goods and services at its place of public accommodation to people with disabilities.

### III. JURISDICTION AND VENUE

7. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and § 1343 in that this is an action arising under the laws of the United States and the Defendant is subject to personal jurisdiction.

8. Venue is appropriate in this Court under 28 U.S.C. § 1391; the claim having arisen in the District of Massachusetts.

### IV. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

9. All events giving rise to this lawsuit occurred in the Commonwealth of Massachusetts.

10. On or about July 26, 1990, Congress enacted the ADA, which is codified at 42 U.S.C. §12181 and 28 C.F.R. Part 36.

11. The Defendant has discriminated against the Plaintiff and continues to discriminate against the Plaintiff and others who are similarly situated by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Charlie's Place, Inc., as prohibited by 42 U.S.C. § 12181 *et seq.* by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv) and by failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible as required by 42 U.S.C. § 12183(a)(2).

12. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. Those regulations are codified at 28 C.F.R. Part 36.

13. Charlie's Place, Inc. is a place of public accommodation subject to the provisions of Title III of the ADA.

14. Within one year before the filing of this complaint, the Plaintiff, Jeffery Smith, who uses a wheelchair for mobility, visited Charlie's Place, Inc. He intends to return to this place of public accommodation when the barriers to access are removed.

15. The Defendant has failed to remove barriers to access by persons with mobility disabilities at Charlie's Place, Inc. where such barrier removal is readily achievable.

16. The Defendant has failed to provide necessary auxiliary aids and services where provision of such auxiliary aids and services would not pose any undue economic or architectural burden.

17. The Defendant has failed to modify policies, practices and procedures at Charlie's Place, Inc., where required to ensure equal access for persons with mobility disabilities.

18. The Defendant has from time to time altered Charlie's Place, Inc. without complying with

access requirements mandated by Title III of the ADA.

19. Charlie's Place, Inc. lacks at least one accessible route complying with ADAAG 4.3 within the boundary of Charlie's Place, Inc. from public transportation stops and/or public streets or sidewalks to an accessible building entrance all as required by ADAAG 4.3.2.

20. The parking lot at Charlie's Place, Inc. lacks "van accessible" parking as required by ADAAG 4.1.2.(5)(b).

21. Charlie's Place, Inc. lacks an accessible entrance/exit as required by ADAAG 4.14.

22. There is no accessible route throughout Charlie's Place, Inc., as required by ADAAG 4.1.

23. Charlie's Place, Inc. lacks building signage as required by ADAAG 4.1 and 4.30.

24. Charlie's Place, Inc. lacks Grade II Brailled signage as required by ADAAG 4.30.4.

25. There are no accessible restrooms within Charlie's Place, Inc. as required by ADAAG 4.1, 4.16, 4.17, 4.22 and 4.23.

26. On information and belief, the Plaintiff alleges that there are other violations present at Charlie's Place, Inc. that will be more fully alleged upon discovery and further inspection.

27. The Defendant has failed to make efforts required under the ADA to remove such barriers to the extent readily achievable nor has the Defendant complied with accessibility standards to the maximum extent feasible.

28. The Defendant has also, by maintaining such barriers, failed to comply with the ADA and access requirements for areas of new construction or alteration.

29. The actions and initiatives which the Defendant has failed to undertake in order to make Chalie's Place, Inc. accessible to persons with disabilities are actions and initiatives that would be readily achievable, required by law, and would greatly assist persons with disabilities at

minimal expense to the Defendant.

30. The Defendant's conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, the Defendant will continue to violate the ADA. Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiffs have no adequate remedy at law.

31. The Plaintiff has retained the undersigned counsel to represent him in this case for injunctive relief and for the protection of his civil rights and the Plaintiff has agreed to pay his counsel reasonable attorneys' fees and the costs and expenses incurred in this action. The Plaintiff is entitled to recover reasonable attorneys' fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205.

32. Pursuant to 42 U.S.C. § 12188, this Court is authorized to grant the Plaintiff injunctive relief by ordering the Defendant to alter the subject facilities by removing architectural barriers to access and use by individuals with mobility disabilities as required by the ADA; the Court is also authorized to close the subject facilities until the Defendant completes the required modifications and alterations.

**WHEREFORE**, the Plaintiff respectfully prays this Honorable Court:

a. Assume jurisdiction;

b. Issue a temporary and permanent injunction, as authorized by 42 U.S.C. § 12188(a)(2), enjoining the Defendant from continuing its unlawful discrimination against persons with disabilities;

c. Order the Defendant to alter the premises known as Charlie's Place, Inc., located at 3075 Cranberry Highway, Wareham, Massachusetts to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the Americans with Disabilities Act and 28 C.F.R. Part 36;

d.  Award the Plaintiff appropriate attorneys' fees, expert fees and costs of this suit as provided by 42 U.S.C. § 12205;

e.  Award the Plaintiff such other additional and proper relief as may be just and equitable.

        Respectfully submitted,
        Jeffery Smith

        By his Attorney,

        _____

        Edward N. Garno
        13 Hurd Street
        Lowell, Ma  01852
        978-687-7805
        #564378

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Jeffrey Smith v Charlies Place, Inc.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
    __N/A__

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                    YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                                    YES ☐    NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                    YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                    YES ☐    NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                    YES ☒    NO ☐

    A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
        EASTERN DIVISION ☒       CENTRAL DIVISION ☐       WESTERN DIVISION ☐

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
        EASTERN DIVISION ☐       CENTRAL DIVISION ☐       WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Edward N Garno__
ADDRESS __13 Hurd Street  Lowell  MA  01852__
TELEPHONE NO. __978 1877805__

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jeffrey Smith

## DEFENDANTS
Charlies Place, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Plymouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Edward N. Garno
15 Hurd Street
Lowell, MA 01852

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title III of ADA 42 USC 12181   Denial of access and right to full and equal enjoyment of services and goods at a place of public accommodation.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ Temp + perm inj. relief costs fees

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 11/16/04

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____