UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12447-RCL

JEFFREY SMITH, )
    Plaintiff )
)
v. )
)
CHARLIE'S PLACE, INC., )
    Defendant )

## ANSWER

Defendant, Charlie's Place, Inc., for its Answer to the Complaint herein respectfully states as follows:

1. Paragraph 1 of the Complaint contains prefatory language and states conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 1 of the Complaint.

2. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies the allegations contained in paragraph 2 of the Complaint.

3. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies the allegations contained in paragraph 3 of the Complaint, except that the Defendant admits that Charlie's Place, Inc., is a place

of public accommodation located at 3075 Cranberry Highway, Wareham, Massachusetts.

4.  The Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.  Paragraph 5 of the Complaint states conclusions of law to which no response is required, and Defendant therefore denies the allegations contained in paragraph 5 of the Complaint, except that the Defendant admits that Charlie's Place, Inc. is a private entity that owns and operates Charlie's Place, Inc., located at 3075 Cranberry Highway, Wareham, Massachusetts.

6.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies the allegations contained in paragraph 6 of the Complaint.

7.  Paragraph 7 of the Complaint states conclusions of law to which is no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.  Paragraph 8 of the Complaint states conclusions of law to which is no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies the allegations contained in paragraph 9 of the Complaint.

10. The Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. The Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies the allegations contained in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint states conclusions of law to which is no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies the allegations contained in paragraph 14 of the Complaint.

15. The Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. The Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. The Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. The Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. The Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. The Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. The Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. The Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. The Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. The Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. The Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. The Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. The Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. The Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. The Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. The Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and further states that paragraph 31 of the Complaint states conclusions of law to which no response is required. The Defendant therefore denies the allegations contained in paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint states conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 32 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims against the Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to assert the claims set forth in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff has failed to identify any specific accommodations that would materially improve the accessibility of the Defendant's facilities.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has been afforded full and equal access to and enjoyment of the Defendant's facilities.

## FIFTH AFFIRMATIVE DEFENSE

The architectural barriers identified in the Complaint, to the extent that they exist, do not deny the Plaintiff effective access to the Defendant's facilities.

## SIXTH AFFIRMATIVE DEFENSE

The architectural barriers to access identified by the Plaintiff, to the extent that they exist, cannot be readily and feasibly removed without undue burden and expense.

## SEVENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint would fundamentally and unreasonably alter the nature of the accommodations and services offered by the Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

The modifications of the Defendant's facilities suggested in the Complaint are not required because they are structurally impracticable and not readily achievable.

## NINTH AFFIRMATIVE DEFENSE

The relief request in the Complaint is not required by under federal law because the cost and scope of such alterations would be disproportionate to the cost of any overall alteration made to the Defendant's facilities.

## TENTH AFFIRMATIVE DEFENSE

The relief request in the Complaint is not required under federal law because of the effect on expenses and resources and the impact of such action on Defendant's facilities.

### ELEVENTH AFFIRMATIVE DEFENSE

The Defendant has not engaged in, and is not engaging in, discrimination based on disability within the meaning of the Americans with Disabilities Act (42 U.S.C. §12181 *et. seq.*).

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiff was not a *bona fide* consumer of the Defendant's facilities. Instead, if Plaintiff visited Defendant's facilities, he did so for the sole and primary purpose of instituting the instant litigation.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred because the Plaintiff has failed to exhaust required administrative remedies.

### FIFTEENTH AFFIRMATIVE DEFENSE

In part because language in the Complaint makes conclusory assertions, the Defendant gives notice that it intends to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, and reserves the right to amend its Answer and assert said defenses.

### RELIEF SOUGHT

WHEREFORE Defendant, Charlie's Place, Inc., prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4. For costs of suit incurred herein by Defendant, including reasonable attorney's fees; and

5. For such other and further relief as the Court deems just and equitable.

## JURY DEMAND

The Defendant hereby demands a trial by jury on any and all issues so triable.

Respectfully submitted;

THE DEFENDANT
CHARLIE'S PLACE, INC.

By its attorneys:

Stephen J. Lyons
(BBO#309840)
KLIEMAN, LYONS, SCHINDLER
 & GROSS
21 Custom House Street
Boston MA 02110
Telephone: 617.443.1000

Dated: January 19, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on January 19, 2005.

Stephen J. Lyons