UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12447-RCL

JEFFREY SMITH,

    Plaintiff

v.

CHARLIE'S PLACE, INC.,

    Defendant

## AFFIDAVIT OF HARRY NICKOLAOW

I, Harry Nickolaow depose and state as follows. The statements made herein are made on behalf of Charlie's Place, Inc., and in support of the defendant's motion to stay proceedings filed herewith and are made upon my personal knowledge, except those which are specifically noted as being made upon information and belief. Where the information herein is stated upon information and belief, I hereby state that I believe such information to be true.

    1.    My name is Harry Nickolaow. I am Treasurer of Charlie's Place, Inc., which is located at 3075 Cranberry Highway, Wareham, Massachusetts. I own and operate the restaurant with my brother, Charlie Nickolaow, who is President.

    2.    Charlie's Place, Inc., is a small family owned and operated restaurant located at 3075 Cranberry Highway in Wareham, Massachusetts and which was constructed in 1973. The restaurant has seating for approximately

115 guests and employs from 20 to 35 full and part-time staff depending upon the season. Like most restaurants on Cape Cod, summer is our busiest season of the year. Except for the addition of an outside deck which comprises less than 15 percent of the total area of the restaurant, there have been no significant alterations to the building since 1973.

    3.    Charlie's Place, Inc., offers curbside take-out and delivery service to anyone who requests it during all business hours. All of our menu items, without exception, are available for take-out and delivery. There is a clearly marked sign in the parking lot for the take-out area. There also is a clearly marked handicapped parking space directly adjacent to the front entrance of the restaurant which is greater than 42 inches in width. Any patron who requires take-out food delivered to the front door adjacent to the handicapped parking space has only to request the service and it is happily provided. Charlie's Place, Inc., also offers delivery of food to any location in Wareham and parts of Bourne, including the neighborhood where I am informed Jeffrey Smith lives.

    4.    During the thirty (30) years that I have worked at Charlie's Place, Inc., in addition to our take out and delivery service, we have served many patrons who were handicapped or required wheelchairs and have always provided such assistance as may be necessary to those who require it to assure that all members of the public have complete access to the restaurant. Over the past thirty (30) years, members of my staff and I have personally provided such assistance to patrons whenever necessary. I have never met Jeffrey Smith nor did I ever receive a complaint from him or anyone else that the restaurant was

inaccessible for any reason. I have also spoken to my brother, Charlie, and each and every member of our staff and have been informed that they also have never met Mr. Smith or received any complaints about the restaurant's accessibility to the public. Nevertheless, through my attorneys, I have informed Mr. Smith that he is welcome at the restaurant at any time and that, in addition to our pick up and delivery service, we would provide him with whatever personal assistance may be necessary for him to access the dining area of the restaurant should he ever desire to do so. Had Mr. Smith or his attorney ever contacted us at any time prior to filing this lawsuit, we also would have been pleased to discuss our planned renovations with them.

5. While I believe that Charlie's Place, Inc., is in full compliance with the requirements of the ADA for older pre-existing structures and, as an older building, is under no duty to be retrofit, in fact, my brother, Charlie, and I voluntarily began making plans to make renovations to increase accessibility to handicapped patrons prior to the commencement of this action.

6. We began such discussions with building contractors in the Spring of 2004. During this time, I contacted several building contractors including William H. Hall of W. H. Hall General Contracting who specializes in building additions, carpentry, remodeling and is experienced in renovating buildings to increase access for handicapped patrons in accordance with the requirements of the law. Mr. Hall informed me that he was familiar with and able to build the planned renovations. Pursuant to these discussions, on August 5, 2004, I obtained an estimate from W.H. Hall, General Contracting to relocate the existing

stairs and entryway, install a handicap ramp and renovate existing bathroom facilities. The cost of these renovations, based upon the estimate provided by Mr. Hall, is $37,035. It was our intention to begin construction in the Spring of 2005 as soon as the weather permitted and complete the renovations before the busy summer season. A copy of the estimate I obtained from Mr. Hall on August 5, 2005 is attached to this affidavit as Exhibit 1.

7. Subsequently, in March of 2005 and just prior to the beginning of construction, it was learned that the renovations contemplated in the August 5, 2004 estimate needed to be revised due to inadequate space to locate the proposed ramp. Consequently, I obtained a second estimate to relocate the entryway and stairs and contemplated handicapped ramp. Based upon my discussions with Mr. Hall, the planned renovations could still have been completed prior to the beginning of the busy summer season. In the meantime, Mr. Smith commenced his lawsuit against us in November and while visiting the restaurant in late March at my invitation and the invitation of my attorneys his attorney demanded that we pay his legal fees and costs even though the renovations were planned prior to his lawsuit and had nothing to do with our decision in the spring of 2004 to modify the restaurant. A copy of the revised contract between Charlie's Place, Inc., and W. H. Hall General Contracting dated April 18, 2005 to perform these renovations and which includes drawings of the ramp and deck that we intended to construct is attached to this affidavit as Exhibit 2.

4

8.  Unfortunately, the commencement of this litigation, and especially Attorney Garno's demand that we pay his attorney's fees in addition to our own, has delayed the start of construction. The cost of the planned renovations alone represents a very significant financial investment for us, a small, family owned business. To date, we have been forced to incur approximately $7,500 in attorney's fees and costs investigating and defending ourselves against Mr. Smith's claim which we have been unable to pay in full so far. In addition, my attorneys estimate that the cost of defending this action, which I believe is completely unnecessary under the circumstances, will be between $25,000 and $35,000 – or, more than the cost of the planned renovations. Simply stated, this additional financial burden has prevented us from beginning construction because we cannot afford to both defend this action and pay for the planned renovations. Since the complaint filed by Attorney Garno on behalf of his client had absolutely nothing to do with our plans to renovate the restaurant, I believe his demand for attorney's fees is unwarranted, financially punitive and is preventing us from accomplishing what we had been planning to do since the spring of 2004.

Signed this ___10th___ day of May, 2005 under the pains and penalties of perjury.

_____
Harry Nickolaow

| | | |
|---|---|---|
| *Building*<br>*Additions*<br>*Remodeling*<br>*Finish Carpentry*<br>*Job Consulting & Management*<br><br>*Free Estimates*<br>*Licensed and Insured* | **W.H. HALL**<br>GENERAL CONTRACTING | *Title V Inspections*<br>*Septic Systems*<br>*Sewer Connections*<br>*Backhoe Service*<br>*Loam & Fill*<br><br>*William H. Hall*<br>*(508) 759-2371* |

To:Charlie,s Place Restaurant               PROPOSAL--HANDICAP RAMP AND TOILET ROOM


                                                 Date 8/5/2004


HANDICAP TOILET ROOM
    ---demo interior of existing ladies room including fixtures
    ---relocate and widen existing ladies room door
    ---install new, compliant, toilet, sink, grab bars, etc to create new unisex toilet room
    ---repair and finish walls, floors, ceilings as necessary
    ---assure accessible route is provided
    ---all labor, materials, permits included---$17,880.00

HANDICAP RAMP AND EXISTING STAIR RELOCATION AT EXISTING ENTRY
---remove existing lower entry door and widen opening to 52"
---raise same opening height to 80" above planned ramp height
---install automatic door opener at upper entry door
---create new platform outside existing upper entry door 60" wide, 84"deep
---create new 27' ramp from same platform to new 60"x60" platform at corner of existing dining deck
---create new 6' ramp from second platform, ninety degrees to right along existing dining deck wall to level ground termination.
---railings for ramps and platforms to be provided
---cut in new door at existing entry vestibule
---construct new entry platform and stairs at new door to replace existing stairs (now to be covered by new, planned 27' ramp)
---window and electrical fixtures and wiring now located at new door cut to be demo'd or relocated
---ramp surface to be composite material
---ramp sub-structure to be pressure treated wood
---all labor, materials and permits included---$19,155.00


ALL WORK IN THIS PROPOSAL TO MEET MASS. BUILDING CODE TO INCLUDE 521CMR

THIS PROPOSAL GOOD FOR 60 DAYS AS QUOTED

|  |  |  |
|---|---|---|
| Building<br>Additions<br>Remodeling<br>Finish Carpentry<br>Job Consulting & Management | **W.H. HALL**<br>GENERAL CONTRACTING | Title V Inspections<br>Septic Systems<br>Sewer Connections<br>Backhoe Service<br>Loam & Fill |
| Free Estimates<br>Licensed and Insured | | William H. Hall<br>(508) 759-2371 |

To:Charlie,s Place Restaurant          CONTRACT

Date 4/18/05

HANDICAP RAMP AND EXISTING STAIR RELOCATION AT EXISTING ENTRY
---remove existing lower entry door and widen opening to 52"
---raise same opening height to 80" above planned ramp height

--create new platform outside existing upper entry door 60" wide, 84"deep
---create new 27' ramp from same platform to new 60"x60" platform at corner of existing dining deck
---create new 6' ramp from second platform, ninety degrees to right along existing dining deck wall to level ground termination.
---railings for ramps and platforms to be provided
---cut in new door at existing entry vestibule
---construct new entry platform and stairs at new door to replace existing stairs (now to be covered by new, planned 27' ramp)
---window and electrical fixtures and wiring now located at new door cut to be demo'd or relocated
---ramp surface to be composite material
---ramp sub-structure to be pressure treated wood
---all labor, materials and permits included---$17,675.00

ALL WORK IN THIS PROPOSAL TO MEET MASS. BUILDING CODE TO INCLUDE 521CMR

THIS PROPOSAL GOOD FOR 60 DAYS AS QUOTED

PAYMENT SCHEDUAL

$6,000.00---ON AGREEMENT
$6,000.00---RAMP AND NEW STAIRS FRAMED
$3,500.00---NEW DOOR DONE, DECK SURFACE DONE
$2,175.00---ON COMPLETION

*W H Hall*  4/18/05





