UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12447-RCL

| | |
|---|---|
| JEFFREY SMITH, <br><br> Plaintiff <br><br> v. <br><br> CHARLIE'S PLACE, INC., <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT STATEMENT PREPARED BY THE DEFENDANT**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure as well as Rule 16.1 of the Massachusetts Local Rules, the defendant hereby submits the following Joint Statement.

*Description of the Case*

The plaintiff, Jeffrey Smith, commenced this action seeking a temporary and permanent injunction and declaratory relief pursuant to The Americans with Disabilities Act, 42 U.S.C., § 12181, et. seq. "to remedy unlawful discrimination by the Defendant against the Plaintiff in the Defendant's place of public accommodation" on November 16, 2004. In essence, the plaintiff claims, *inter alia*, that the defendant's failure to remove architectural barriers which have existed since the defendant's restaurant was constructed in 1973 denied him the ability to access the defendant's place of business.

The defendant, Charlie's Place, Inc., denies that it is in violation of The Americans with Disabilities Act or that the plaintiff has been denied access to the defendant's place of business. As a business that was established in 1973, prior to the adoption of The Americans with Disabilities Act, the defendant asserts that it is not required to remove the architectural barriers identified in the plaintiff's complaint to the extent that they exist since they do not deny the plaintiff effective access to the defendant's place of business and that their removal cannot be readily and feasibly accomplished without undue burden and expense. The defendant also asserts that the plaintiff, who has filed at least five (5) other cases under The Americans with Disabilities Act which are virtually identical, is a serial plaintiff and not entitled to the relief sought.

*Discovery Plan*

The parties are unable to agree on a discovery schedule. In accordance with Local Rule 16.1, counsel for the defendant has attempted to confer with counsel for the plaintiff in an effort to obtain agreement as to a joint discovery plan but has been unable to reach plaintiff's counsel by telephone or facsimile. Accordingly, the defendant's discovery plan is set forth below.

    a.    *Defendant's Discovery Plan*

The defendant has moved to stay all proceedings until January 15, 2006 in order to permit planned renovations to the defendant's restaurant to be completed and:

1. That the plaintiff, through his designated representative, be permitted to inspect the premises upon completion of renovations on or before January 16, 2006;

2. That a further Scheduling Conference be scheduled for January 16, 2006 to determine whether further legal proceedings are necessary.

In the alternative and only in the event that the defendant's motion to stay is denied, the defendant proposes the following discovery plan:

1. Initial disclosures under Rule 26 to be made within thirty (30) days from the date of the Scheduling Conference;

2. No motions to join other parties or to amend the pleadings shall be filed after ninety (90) days from the date of the Scheduling Conference;

3. The parties shall have until February 28, 2006 to complete fact discovery. Any written discovery served subsequent to the date of this Order to be served by a date that allows the served party the full 30 days provided by the Federal Rules of Civil Procedure in which to comply;

4. The plaintiff shall identify testifying experts and provide Rule 26 expert reports within thirty (30) days from the completion of factual discovery. The defendant shall identify testifying experts and provide Rule 26 expert reports within sixty (60) days from the completion of factual discovery;

5.  The parties shall have one hundred twenty (120) days from the completion of fact discovery to complete expert discovery;

6.  Motions to compel and other motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than sixty (60) days following the event (e.g. failure to answer interrogatories, objections to request for production, etc.) that is the subject of the motion. The parties are required to meet and confer on the discovery dispute as required by Rule 37(a) within the 60-day period; and,

7.  The parties shall have sixty (60) days from the completion of expert discovery to file dispositive motions.

> Respectfully submitted;
>
> THE DEFENDANT
> CHARLIE'S PLACE, INC.
>
> By its attorneys:
>
> _____
> Stephen J. Lyons
> (BBO#309840)
> KLIEMAN, LYONS, SCHINDLER
>  & GROSS
> 21 Custom House Street
> Boston MA 02110
> Telephone: 617.443.1000

Dated: May 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the plaintiff via facsimile and mail on May 18, 2005.

*/s/ Stephen Lyons*
Stephen J. Lyons